UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDJANN HENRIQUE DOS SANTOS,<br><br>Petitioner,<br><br>KIRSTJEN M. NIELSEN,<br>Secretary of Homeland Security,<br>CHRISTOPHER CRONEN,<br>Immigration and Customs Enforcement,<br>Boston Field Office Director,<br>YOLANDA SMITH,<br>Superintendent of Suffolk County House<br>of Correction,<br>STEVEN W. TOMPKINS,<br>Sheriff of Suffolk County,<br><br>Respondents. | Civ. No. 18-cv-10310<br><br>**PETITION FOR WRIT OF<br>HABEAS CORPUS UNDER<br>28 U.S.C. § 2241**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

1. Petitioner Edjann Henrique Dos Santos ("Mr. Dos Santos") hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention without due process by U.S. Immigration and Customs Enforcement ("ICE").

2. Mr. Dos Santos has resided in the United States for over fifteen years. He is engaged to be married to a United States citizen residing in the United States.

3. On June 14, 2017, Mr. Dos Santos was arrested by ICE officers at his workplace and taken to the Suffolk County House of Correction. ICE continues to hold Mr. Dos Santos in custody.

4. Prior to and throughout Mr. Dos Santos' detention, it appears that ICE has failed to comply fully with its own regulations governing detention after the expiration of the statutory removal period.

1

5. Further, Mr. Dos Santos has never received a hearing by a neutral magistrate on the merits of whether his civil detention is authorized by statute, or is necessary to protect the community or prevent flight.

6. Accordingly, Mr. Dos Santos requests this Court to remedy his unlawful detention by ordering his immediate release from custody.

7. If the Court does not order immediate release, then the Court should conduct its own detention hearing immediately, at which the government will be required to justify Mr. Dos Santos' detention by proving by clear and convincing evidence (1) the predicate facts necessary to trigger a proper basis for detention; (2) that Mr. Dos Santos presents a danger to others or a flight risk; and (3) even if so, that no condition or combination of conditions will reasonably assure Mr. Dos Santos' future appearance and the safety of the community.

8. Mr. Dos Santos submits that the government will not, and cannot, meet this burden given his longstanding ties to this community and his lack of serious criminal history. The Court should therefore order that Mr. Dos Santos be immediately released, subject to any conditions the Court might deem just and necessary.

**PARTIES**

9. Petitioner Edjann Henrique Dos Santos was detained by ICE on June 14, 2017. He remains in immigration custody at the Suffolk County House of Correction in Suffolk, Massachusetts.

10. Respondent Kirstjen M. Nielsen is the Secretary of Homeland Security and is Petitioner's ultimate legal custodian. She is sued in her official capacity.

11. Respondent Christopher Cronen is the Field Office Director for ICE Enforcement and Removal Operations in ICE's Boston Field Office. He is one of Petitioner's legal custodians, and is sued in his official capacity.

12. Respondent Yolanda Smith is the superintendent of the Suffolk County House of Correction and is Petitioner's immediate custodian. She is sued in her official capacity.

13. Respondent Steven W. Tompkins is the Sheriff of Suffolk County and is also Petitioner's immediate custodian. He is sued in his official capacity.

## JURISDICTION

14. This Court has jurisdiction under 28 U.S.C. § 2241.

## VENUE

15. Venue lies in the District of Massachusetts because Mr. Dos Santos is currently detained at the Suffolk County House of Correction in Boston, Massachusetts, under color of the authority of the United States, in violation of the Constitution, laws or treaties thereof. 28 U.S.C. §§ 1391, 2241.

## FACTS ALLEGED

**A. Mr. Dos Santos is not dangerous and has longstanding ties to his community.**

16. Mr. Dos Santos was born in Brazil. He is currently 29 years old.

17. In February 2002, at the age of 13, Mr. Dos Santos entered the United States on a visitor visa with his family.

18. On August 1, 2008, Mr. Dos Santos married his first wife. She filed a Form I-130 visa petition for Mr. Dos Santos, and he applied to become a lawful permanent resident. On November 10, 2009, USCIS denied Mr. Dos Santos' application for lawful permanent

3

residence in its discretion, due to a juvenile offense to which Mr. Dos Santos pled guilty. Mr. Dos Santos was referred to Immigration Court.

19. During the pendency of Mr. Dos Santos' case in Immigration Court, on December 18, 2010, in Fall River, Massachusetts, Mr. Dos Santos was arrested and charged with (1) operating under the influence and (2) reckless operation of a motor vehicle. He accepted a Continuance Without a Finding (CWOF) to count (1), and to a reduced charge of negligent operation on count (2).

20. On February 28, 2012, the Immigration Court denied Mr. Dos Santos' application for lawful permanent residence on discretionary grounds. The Court noted Mr. Dos Santos' "many positive equities," including his educational achievement, gainful employment, stable relationship, and potential hardships in Brazil. However, she denied the application solely on account of the 2010 operating under the influence conviction, stating that "the Court would not deny adjustment of status if [the juvenile offense] were Respondent's only criminal case." Mr. Dos Santos filed a timely appeal of the IJ's decision with the Board of Immigration Appeals ("BIA").

21. On May 29, 2014, the BIA denied Mr. Dos Santos' appeal and his removal order became final. ICE did not take any action to detain Mr. Dos Santos at that time.

22. Since 2014, Mr. Dos Santos' eligibility for relief from removal has changed in several ways. On March 9, 2016, Mr. Dos Santos' divorce from his first wife became final. Mr. Dos Santos is now engaged to United States citizen Katherine Machado, who intends to petition for him immediately once they are married.[1] Mr. Dos Santos would then be

---

[1] The couple would be married already, but for ICE's refusal to make a decision. In June 2017, the couple requested permission to marry while Mr. Dos Santos is in custody, pursuant to ICE Detention Standard 5.3, PBNDS 2011 (rev. December 2016), available at

eligible to re-apply for lawful permanent residence, with a waiver application for his prior order of removal.

23. Mr. Dos Santos has lived openly in the community and has not conspired or acted to prevent his removal.

24. On June 14, 2017, Mr. Dos Santos was working as a manager at People's Liquor Warehouse in Fall River. While stocking shelves, he was approached by two people he thought were customers. In fact, they were ICE officers. They called his name, showed their badges, and handcuffed him in front of other coworkers and customers. Mr. Dos Santos has been in ICE custody ever since.

25. On August 21, 2017, the Fall River District Court vacated Mr. Dos Santos' OUI and negligent operation convictions on grounds that Mr. Dos Santos received ineffective assistance of counsel.

26. In September 2017, Mr. Dos Santos filed a motion to re-open his removal order with the Board of Immigration Appeals (BIA). The BIA denied this motion on November 22, 2017 as untimely, because it was not filed within 90 days of the final order in 2014.

**B. Mr. Dos Santos is eligible to correct deficiencies in his immigration status and become a lawful permanent resident.**

27. Because Mr. Dos Santos has genuine and longstanding ties to our community, once he is allowed to marry his U.S. citizen fiancee, United States immigration laws and regulations would authorize him to correct deficiencies in his immigration status and become a lawful permanent resident.

---

https://www.ice.gov/doclib/detention-standards/2011/5-3.pdf. Mr. Dos Santos does not meet any of the standard's criteria for denial. *See id*. at p. 357, II.3 ("Ordinarily, a detainee's request for permission to marry shall be granted"). However, ICE has not yet issued any decision on the couple's request.

28. Specifically, a U.S. citizen may file a Form I-130 visa petition to sponsor an alien spouse as a lawful permanent resident. If ICE permits Mr. Dos Santos and Ms. Machado to get married, Ms. Machado intends to file such a petition.

29. Mr. Dos Santos would then be eligible to apply for adjustment of status to lawful permanent resident, with a waiver for his prior order of removal.

30. Mr. Dos Santos and Ms. Machado intend to get married and go forward with this process. Ms. Machado obtained a marriage license and requested permission to marry Mr. Dos Santos while he is in custody. However, ICE has refused to act on her requests. It has neither approved or denied them. This failure to issue a decision materially and adversely affects Mr. Dos Santos' ability to apply for immigration benefits, and violates the couple's fundamental Constitutional rights.

31. Alternatively, Mr. Dos Santos currently meets all the requirements for the Deferred Action for Childhood Arrivals ("DACA") program. However, USCIS is not currently accepting initial DACA applications.

**C.  Mr. Dos Santos is detained without due process.**

32. Pursuant to 8 U.S.C. § 1231(a)(1), ICE is authorized to detain Mr. Dos Santos during the removal period, which extends for 90 days after the date his order of removal became final or (if applicable) after he was released from other custody.

33. Mr. Dos Santos' order became final in 2014, and he has not been held in any other custody since that time.

34. Consequently, the 90-day removal period is expired, and, as far as Mr. Dos Santos and his counsel are aware, ICE has not asserted any other basis for detention.

35. If ICE did contemplate detaining Mr. Dos Santos after expiration of the removal period, its own regulations require that it adhere to a specific procedure to determine whether such detention is warranted. *See, e.g.,* 8 C.F.R. § 241.4. Among other things, Mr. Dos Santos was entitled to "approximately 30 days notice" of such review, an opportunity to be heard regarding the necessity of such detention, and ultimately a detention determination by ICE's Headquarters Post-Order Detention Unit based upon consideration of certain specified factors. *See, e.g.*, 8 C.F.R. § 241.4(f), (h), & (k). As far as Mr. Dos Santos and his counsel can determine, ICE has not complied with these procedures before or during his detention, and now holds him without authority.

36. In January 2018, Mr. Dos Santos, through counsel, filed a motion for a detention hearing in the Immigration Court. The motion was denied on January 11, 2018, without reaching the merits of Mr. Dos Santos' arguments, because the Immigration Judge determined she did not have jurisdiction over bond proceedings in a case where there was a final order.

## CLAIMS FOR RELIEF

### COUNT 1 – HABEAS CORPUS

37. The foregoing allegations are realleged and incorporated herein.

38. ICE has arrested and imprisoned Mr. Dos Santos, on information and belief, without adhering to its own statutory and regulatory requirements for post-removal period detention.

39. Further, ICE has never been required to justify this detention by proving to a neutral magistrate by clear and convincing evidence that Mr. Dos Santos is a danger to others or a flight risk, and, if he is, that no condition or combination of conditions will reasonably assure Mr. Dos Santos' future appearance and the safety of the community.

40. Further, by detaining Mr. Dos Santos without any notice that such compliance would require his detention and refusing to act on his request for permission to marry Ms. Machado, ICE has arbitrarily obstructed Mr. Dos Santos' access to relief he is entitled to pursue as a matter of law.

41. Mr. Dos Santos' civil detention in these circumstances deprives him of liberty without due process of law, in violation of the Fifth Amendment to the United States Constitution.

## REQUEST FOR ORAL ARGUMENT

Petitioner respectfully requests oral argument on this Petition.

## PRAYER FOR RELIEF

Petitioner asks that this Court grant the following relief:

1. An order prohibiting Mr. Dos Santos' transfer from this District pending resolution of this petition;

2. A writ of habeas corpus ordering that Mr. Dos Santos be immediately released;

3. If the Court does not order immediate release, then a detention hearing at which the government is required to justify Mr. Dos Santos' detention by proving by clear and convincing evidence (1) the predicate facts necessary to trigger a proper basis for detention; (2) that Mr. Dos Santos presents a danger to others or a flight risk; and (3) even if so, that no condition or combination of conditions will reasonably assure Mr. Dos Santos' future appearance and the safety of the community;

4. An order to ICE to make a determination on Ms. Machado's requests for permission to marry Mr. Dos Santos while he is in custody;

5. An award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504, if applicable; and,

6. An order of any further relief this Court deems just and proper.

Respectfully submitted this 16th day of February, 2018.

>Petitioner,
>Edjann Henrique Dos Santos,
>By his attorney,
>
>/s/*Todd C. Pomerleau*
>Todd C. Pomerleau
>Rubin Pomerleau PC
>Three Center Plaza, Suite 400
>Boston, Massachusetts 02108
>Tel. (617) 367-0077
>tcp@rubinpom.com