## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
EDJANN HENRIQUE DOS SANTOS,   )
)      **Civ. No. 18-cv-10310-MLW**
    Petitioner,        )
)
KIRSTJEN M. NIELSEN,      )
Secretary of Homeland Security,  )
CHRISTOPHER CRONEN,    )
Immigration and Customs Enforcement,  )
Boston Field Office Director,    )
YOLANDA SMITH,       )
Superintendent of Suffolk County House  )
of Correction,         )
STEVEN W. TOMPKINS,    )
Sheriff of Suffolk County,     )
)
    Respondents.     )
_____)

## PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION

Petitioner Edjann Dos Santos ("Mr. Dos Santos") moves this Court for a preliminary injunction enjoining the Respondents from preventing his marriage.

### FACTUAL HISTORY

Mr. Dos Santos was taken into Immigration and Customs Enforcement ("ICE") custody on or about June 14, 2017. Shortly thereafter, on June 26, 2017, his United States citizen fiancée, Katherine Machado, requested permission to get married to Mr. Dos Santos. Ex. A, Affidavit of Katherine Machado. Ms. Machado presented a valid marriage license and made the request through the proper channels. Ex. A; Ex. B, First Marriage License. However, Ms. Machado's request was never answered. Ex. A. She contacted ICE officers to ensure they had received it. After sixty days, Ms. Machado was told that the request had expired, and so she submitted a renewed request on August 28, 2017. Ex. A; Ex. C, Second Marriage License and Request

Letter. She did not receive any response to that request, so she submitted a third request on October 23, 2017. Ex. A; Ex. D, Third Marriage License and Request Letter. On or about March 12, 2018, Mr. Dos Santos received a letter stating that he was denied permission to marry Ms. Machado because he had not complied with ICE's requests to obtain travel documents. Ex. E, ICE Denial Letter. No other reason was given.

## ARGUMENT

Respondents, by denying Mr. Dos Santos and Ms. Machado the right to marry, are violating their Constitutional rights and materially harming Mr. Dos Santos' ability to apply for relief from removal from the United States. The "traditional four-part test" for preliminary injunction "requires consideration of (1) the likelihood that the moving party will succeed on the merits; (2) the possibility that, without an injunction, the moving party will suffer irreparable harm; (3) the balance of relevant hardships as between the parties; and (4) the effect of the court's ruling on the public interest." *Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464 (1st Cir. 2009) (citing *Waldron v. George Weston Bakeries Inc.*, 570 F.3d 5, 9 (1st Cir. 2009)). Mr. Dos Santos

### I.    Mr. Dos Santos has a fundamental right to get married, even while he is in ICE custody.

The Supreme Court "has long held the right to marry is protected by the Constitution," and is "fundamental under the Due Process Clause." *Obergefell v. Hodges*, 135 S.Ct. 2595, 2598 (2015) (citing *Loving v. Virginia*, 388 U.S. 1, 12 (1967); *Zablocki v. Redhail*, 434 U.S. 374, 384 (1978); additional citations omitted). This right extends to people who are imprisoned or detained; any restriction upon it must be "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U. S. 78, 89 (1987). This right inures to people in immigration detention, as well as those serving criminal sentences. *Theck v. Warden, I.N.S.,* 22 F.Supp.2d 1117 (C.D. Cal.,

1998) (holding that even individuals who had not been admitted to the United States had a constitutional right to marriage while in immigration detention), *and see Buck v. Stankovic*, 485 F.Supp.2d 576 (M.D. Pa., 2007) (enjoining a state actor from denying a marriage license to a couple, one of whom was undocumented). Therefore, Mr. Dos Santos and Ms. Machado have a Constitutional right to marry.

Additionally, Mr. Dos Santos and Ms. Machado's marriage request should be approved, under ICE's own standards. *See* 2011 Operations Manual ICE Performance-Based National Detention Standards ("PBNDS 2011"), rev. 2016, 5.3 "Marriage Requests," attached as Ex. F. The standards provide that marriage requests are to be "reviewed on a case-by-case basis," and "ordinarily… shall be granted." PBNDS 2011 at 367. Requests may be denied if

> a. the detainee is not legally eligible to be married; b. the detainee is not mentally competent, as determined by a qualified medical practitioner; c. the intended spouse has not affirmed, in writing, his/her intent to marry the detainee; d. the marriage would present a threat to the security or orderly operation of the facility; or e. there are compelling government interests for denying the request.

*Id*. at 368-69. None of these criteria apply to Mr. Dos Santos. Therefore, ICE should have approved his request under its own standards.

## II.    Without an injunction, Mr. Dos Santos suffers both the denial of his fundamental right to marriage and an inability to seek relief from removal from the United States.

ICE has held Mr. Dos Santos in custody for nearly ten months without allowing him to marry. As described above, ICE's refusal to allow the marriage has infringed the Constitutional rights of both Mr. Dos Santos and Ms. Machado. The refusal also means that the couple is likely to be separated for much longer than necessary. Had ICE approved his request within the validity of the first marriage license, the couple could have married within a few months. Then Ms. Machado could have filed an I-130 petition for Mr. Dos Santos, the first step in regularizing his

immigration status and avoiding removal. According to current USCIS processing times, an I-130 filed by a U.S. citizen for a spouse should be approved within 5 to 7 months. Ex. G, "Processing Times," current as of Monday, April 9, 2018. Because he entered with a valid visa, he would then be eligible to adjust status (after a waiver or motion to reopen his removal order) here in the United States, without ever leaving to Brazil. But for ICE's refusal to allow him to marry, it is conceivable that Mr. Dos Santos could already have had his I-130 petition approved – putting his habeas petition in a very different posture, and providing a clearer path to relief from removal.

### III.   Respondents have not articulated any reason for denying Mr. Dos Santos the right to marriage, while Mr. Dos Santos suffers immediate harm.

As listed above, the PBDNS offer various reasons why a marriage request should be denied. People in custody may also be denied the right to marry for a legitimate penological interest. *Turner,* 482 U. S. at 89. Here, ICE has not articulated any legitimate reason for denying Mr. Dos Santos the right to marry.

### IV.   Allowing Mr. Dos Santos and Ms. Machado to marry is within the public interest.

The legal importance of marriage is unquestionable, and the Supreme Court has endorsed it in the strongest possible terms. *See, e.g., Obergefell* at 2595 (describing marriage as "sacred," "essential to our most profound hopes and aspirations," and "central[]... to the human condition"). There is no reason for ICE to deny this particular couple their right to marry. More broadly, it is within the public interest for ICE to grant detained immigrants' marriage requests in accordance with the Constitution, judicial precedent, and the agency's own regulations, absent a legitimate reason to the contrary.

## CONCLUSION

For the reasons above, Mr. Dos Santos respectfully requests this Court to grant his motion for injunctive relief, enjoining the Respondents from denying his request for marriage without good cause.

Dated: April 25, 2018                      Respectfully submitted,
*Counsel for Petitioner*

*/s/ Todd C. Pomerleau*
Todd C. Pomerleau
Rubin Pomerleau PC
Three Center Plaza
Suite 400
Boston, MA 02018
(617) 367-0077
tcp@rubinpom.com

## CERTIFICATE OF SERVICE

I, Todd C. Pomerleau, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Todd C. Pomerleau*
Todd C. Pomerleau
Dated: April 25, 2018                      Attorney for Petitioner